PER CURIAM:
On November 9, 1986, the claimant's daughter, Monica Jividen, was driving the claimant's 1981 Chevette on State Route 35 near Shawnee Estates, Putnam County, when the vehicle struck water standing on the highway. The vehicle overturned and sustained damage. Claimant seeks $2,338,87. The daughter of the claimant originally filed the claim in her name. However, the record reflects that the father, Rondus Jividen, was the titled owner of the vehicle. The Court, upon the motion of Ms. Jividen, has amended the style of the claim to name Rondus Jividen as the proper party claimant.
*21 Claimant's daughter testified that this incident occurred at approximately 5:00 a.m. She was en route from her home in Winfield to her job in Charleston. The roads were wet as it had been raining earlier, and it was dark. The highway in question is blacktop. She had travelled this route daily for a year prior to this incident. She had not observed "real high" water at this location prior tot he accident. She stated that the water covered the entire width of the road and was between five and ten feet long.
Donald Adkins, General Foreman for respondent in Putnam County, testified that he received word of this incident at approximately 8:00 a.m. on the day it occurred. He stated that on the day before this incident, to his knowledge, the road was clear. The first notification he had of a problem at his location was on the day of this incident.
Michael D. Stone, County Maintenance Superintendent for respondent in Putnam County, testified that he did not receive any complaints of high water on Route 35 in Winfield prior to this incident.
The State neither insures nor guarantees the safety of motorists travelling on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be found liable for road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect. Davis Auto Parts vs. Dept. of Highways, 12 Ct.Cl. 31 (1977). The claimant did not meet the burden of proof; therefore, this claim must be denied.
Claim disallowed.